Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MOYNA CANTORIA,** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| **v.** | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| **VISION FINANCIAL CORP.,** | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.** |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## COMPLAINT

MOYNA CANTORIA ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VISION FINANCIAL CORP., ("Defendant"):

# INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

# JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 et seq.

4. Defendant conducts business in the State of California and, therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (b(2.

# PARTIES

6. Plaintiff is a natural person residing in San Jose, California 95133.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

8. Defendant is a national debt collection company with its principal office located at 11960 Westline Industrial Drvie, Suite 330, Maryland Heights, Missouri 63146.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect a consumer debt from Plaintiff alleged to be owed to Victoria Secret / Comenity.

12. The alleged debt arose out of transactions that were primarily for personal, family, or household purposes as Plaintiff has no business debts.

13. Beginning in or around April 2014, continuing through June 2014, Defendant's collectors placed repeatedly harassing telephone calls to Plaintiff on her cellular telephone in their attempts to collect the alleged debt.

14. Defendant's collectors, including but limited to an individual

identifying himself as Marie, regularly called Plaintiff during the period stated above.

15. At all relevant times, Plaintiff requested that Defendant stop calling her.

16. Despite Plaintiff's requests, Defendant's calls persisted.

17. Once Defendant was aware that Plaintiff did not wish to be contacted there was no legitimate reason for additional calls, other than for the purposes of harassment.

18. Defendant's actions taken in its attempts to collect the alleged debt from Plaintiff were harassing, offensive and abusive.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

19. A debt collector violates section 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. Defendant violated section 1692d of the FDCPA when it placed repeated harassing calls to Plaintiff's cellular telephone; and, when it continued to call Plaintiff after she requested that it stop calling her.

## COUNT II

**DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

21. A debt collector violates section 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22. Defendant violated section 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone with the intent to annoy, abuse, or harass Plaintiff.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

23. A debt collector violates section 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

24. Defendant violated section 1692f when it harass Plaintiff regarding the alleged debt; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

**COUNT IV**
**DEFENDANT VIOLATED THE RFDCPA**

25. A debt collector violates § 1788.17 of the California Civil Code by failing to comply with § 1692b through § 1692j of the FDCPA.

- 5 -
PLAINTIFFS' COMPLAINT

26. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, MOYNA CANTORIA, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MOYNA CANTORIA, demands a jury trial in this case.

|   |   |
|---|---|
|   | Respectfully submitted, |
| DATED: December 23, 2014 | By: /s/ Amy L. Bennecoff<br>Amy L. Bennecoff, Esq. (275805)<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Telephone: (215) 540-8888<br>Facsimile (215) 540-8817<br>Email: abennecoff@creditlaw.com<br>Attorney for Plaintiff |